UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PCS WIRELESS, LLC

    Plaintiff,

v.

A TO Z WIRELESS SOLUTIONS INC.,
YOSSI ZAK A/K/A YOSSI ZAKLIKOWSKI,
AVI SCHECTER, YEHUDA ECKHAUS, THE
OEM SHOP, JOHN DOES (1-10), AND ABC
CORPS (1-10).

    Defendants.

Civil Action No. _____

FILED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y

JAN 03 2012 ★

BROOKLYN OFFICE



KUNTZ, J.

---

### BRIEF ON BEHALF OF PCS WIRELESS, LLC
### IN SUPPORT OF ITS ORDER TO SHOW CAUSE WITH
### TEMPORARY AND PRELIMINARY RESTRAINTS

---

**SCHENCK, PRICE, SMITH & KING, LLP**
220 Park Avenue
P. O. Box 991
Florham Park, NJ 07932
(973) 539-1000 (tele)
*Attorneys for Plaintiff, PCS Wireless, LLC.*

John P. Campbell, Esq.
    Of Counsel and on the brief

## PRELIMINARY STATEMENT

PCS seeks a preliminary injunction, issuance of writs of attachment, and other relief because it seeks to preserve the subject matter of the controversy, that is, the easily liquidated inventory and the nearly one million dollars defendants stole from PCS, pending the determination of the right in controversy at a final hearing. The facts of this case, as set forth in the Affidavit of Abraham Pasternak and in the Verified Complaint, cannot be disputed.

The Defendants have stolen valuable cell phone inventory from PCS, they have refused to return same to PCS, they placed stop payments on high value checks necessary to pay down their nearly one million dollar debt to PCS and they have otherwise conducted themselves in a fraudulent manner. The defendants have been caught in a well documented theft and fraudulent scheme. PCS will be left without a remedy when this matter is resolved if the preliminary injunction and writs of attachment is not ordered.

## STATEMENT OF FACTS

PCS directs the Court to the facts set forth in the Affidavit of Abraham Pasternak and the Verified Complaint.

## LEGAL ARGUMENT

### POINT I

#### PLAINTIFF HAS SATISFIED THE REQUIREMENTS NECESSARY FOR THE ISSUANCE OF A PRELIMINARY AND TEMPORARY INJUNCTION

The facts presented by PCS establish that PCS is entitled to a preliminary injunction, issuance of writs of attachment, and other relief because: (1) there is a reasonable probability of ultimate success on the merits; (2) irreparable harm will ensue in the absence of the relief requested; and (3) a balancing of the hardships favors the granting of the relief requested. In the Second Circuit, a party seeking a preliminary injunction must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). A preliminary and temporary injunction is required in this case in order to preserve the subject matter of the controversy, that is, the easily liquidated cell phone inventory and millions of dollars defendants stole from PCS, pending the determination of the right in controversy at a final hearing.

Here, PCS has satisfied all of the requirements necessary for the issuance of injunctive relief. The defendants have been caught in a well documented theft and fraudulent scheme, and this Court should leave no possibility that the innocent plaintiff, PCS, will be left without a remedy when this matter is resolved.

#### A. PCS Has Demonstrated a Reasonable Probability of Success on the Merits

PCS's Complaint seeks temporary and preliminary injunctive relief, as well as the recovery of costs and fees, based upon defendants' shockingly brazen conduct over the past few

months in which defendants took advantage of PCS, stole PCS's inventory and eliminated PCS's possession of security for hundreds of thousands of dollars of credit PCS extended to defendants. The proofs are overwhelming that the defendants engaged in a conspiracy to rob PCS and there is more than a reasonable probability PCS will succeed in its action to recover the money and inventory converted by the defendants.

### B. Irreparable Harm Will Ensue Unless Restraints Are Issued

If temporary restraints are not issued, PCS will be immediately and irreparably injured. "To satisfy the irreparable harm requirement, [a plaintiff] must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005). The Second Circuit has explained that there is irreparable harm "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the position they previously occupied." *Brenntag Int'l Chems. Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999). This standard is satisfied here.

These harms are actual and imminent, not remote or speculative, because the Defendants, and Zak in particular, are capable of fraudulent and criminal behavior, and they have the motive and means to dispose of the inventory and assets in their possession and dispersing it outside the reach of this Court. There will be no remedy for the innocent plaintiff if the money and inventory stolen from PCS disappears overseas and the defendants go to prison. This is not only a possibility, it is reality. Without the relief requested in this application, defendants' will continue to sell, transfer and dissipate their assets thereby depriving PCS of any meaningful remedy when this matter is resolved. *Republic of Philippines v. Marcos*, 806 F.2d 344, 356 (2d

Cir. 1986) *relying on In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985) (Preliminary injunctions are proper to prevent a defendant from making a judgment uncollectible).

### C. Balancing Of the Hardships Overwhelmingly Favors the Plaintiffs

A balancing of the relative hardships overwhelmingly favors the plaintiffs. PCS is the victims of a massive fraud, and PCS is entitled to certain remedies as a matter of contract through documents signed by defendant Zak individually and on behalf of defendant A to Z. Any hardship that might be suffered by the defendants by the return of the stolen goods is not a relevant issue in this case. Furthermore, to the extent other relief sought by PCS might be onerous the relief was already contracted for by PCS pursuant to the Guaranty Agreement and the Collateral Security Agreement. On balance, the equities overwhelmingly favor the granting of PCS's application for the issuance of a temporary restraining order.

### D. A Bond is Unnecessary in the Present Circumstances

If the Court agrees to grant a temporary restraining order and preliminary injunction, it should waive the requirement that PCS post a bond as security "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed.R.Civ.P. 65(c). "The purpose of the injunction bond rule is to provide protection to a defendant who is under injunction in an equity action, but who ultimately prevails on the merits." *Commerce Tankers Corp. v. Nat'l Maritime Union of Am.*, 553 F.2d 793, 800 (2d Cir. 1977). "[T]he district court may dispense with security where there has been no proof of likelihood of harm to the parties enjoined." *Int'l Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir. 1974).

A bond is unnecessary in the present circumstances because the Defendants can offer no meritorious defense and therefore it is highly unlikely that they will prevail on the merits. Moreover, Defendants will suffer no harm from the injunctions because protecting the assets that

4

must be used to pay down their nearly one million dollar debt is essentially maintaining the status quo.

## POINT II

### PCS HAS SATISFIED THE REQUIREMENTS NECESSARY FOR THE ISSUANCE OF A WRIT OF ATTACHMENT AND THE OTHER RELIEF REQUESTED.

**A.   Issuance of Writ of Attachment**

PCS's proofs establish an unquestionable entitlement to issuance of a writ of attachment against these defendants. PCS seeks the Write of Attachment pursuant to FRCP 69(a) which requires the application of New York law. See *Capital Ventures Int'l v. Republic of Arg.*, 280 Fed. Appx. 14, 15 (2d Cir. 2008). New York CPLR 6201 provides the framework for the grounds for attachment. CPLR 6201 states in relevant part:

> An order of attachment may be granted in any action…where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
>
> ……
>
> 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or
>
> 4. the action is brought by the victim…of a crime…and seeks to recover damages sustained as a result of such crime…

Also, section 6212 of the CPLR further provides that in order to obtain an order of attachment the moving party must show "that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the

5

plaintiff." CPLR 6212(a). These conditions, which are distinct, but related to the conditions for general injunctive relief, have been satisfied.

As discussed extensively above, the proof of defendants' guilt is overwhelming and in certain instances has been admitted. Plaintiffs will prevail in this action. Therefore, just as discussed with regard to injunctive relief generally, plaintiffs have demonstrated a reasonable probability of success on the merits and PCS will be entitled to the money judgment is seeks.

To meet the third requirement for an attachment pursuant to CPLR 6201(3), the plaintiff must establish: "(i) that the defendant either is about to or has assigned, disposed of, encumbered or secreted property, or removed it from the state, and (ii) that the defendant has acted or will act with the intent to defraud his or her creditors, or to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*, 306 F. Supp. 2d 482, 487 (S.D.N.Y. 2004). Moreover, because direct evidence of an intent to defraud or to frustrate the enforcement of a judgment is rare, the intent required under C.P.L.R. 6201(3) is usually inferred from the circumstances. *Id. relying on Arzu v. Arzu*, 190 A.D.2d 87, 597 N.Y.S.2d 322, 325 (App. Div. 1993).

Here, PCS has A to Z refused to allow PCS to collect the 12,500 Pixis at issue on September 16, 2011 onto the truck that PCS provided and A to Z then put stop payments on the Post-Dated Checks worth several hundred thousand dollars that were in PCS's possession and which PCS had always required in order to extend credit to A to Z. See Abraham Pasternak Affidavit. Moreover, Defendant Zak recently stated that A to Z has "no interest" in paying its debt to PCS. Defendants' intent to defraud the plaintiff is more than apparent from these circumstances.

6

To meet the fourth requirement for an attachment pursuant to CPLR 6201(4), the plaintiff must establish that "the action is brought by the victim...of a crime...and seeks to recover damages sustained as a result of such crime." The facts pled in the Verified Complaint and sworn to by Abraham Pasternak, many of which will have to be admitted by defendants, prove defendants stole funds belonging to PCS. These facts, even without additional discovery, prove that this action is being brought by "the victim of a crime." CPLR 6201(4).

**B.    Other Relief Requested**

PCS also seeks other urgent relief requested in the Order to Show Cause, including preservation of various assets of the defendants, placement of a constructive trust over certain assets of the defendants, ordering an accounting of defendants' assets pending final resolution of this case, and appointment of PCS as the receiver over defendants A to Z and The OEM Shop.

## CONCLUSION

For the foregoing reasons, PCS respectfully requests that this Court enter a temporary restraining order and a preliminary injunction against defendants to preserve and attach various assets of the defendants, to place a constructive trust over certain assets of the defendants, order an accounting of defendants' assets pending final resolution of this case, and appoint PCS as receiver over the business operations of defendants A to Z and The OEM Shop.

SCHENCK, PRICE, SMITH & KING, LLP
Attorneys for Plaintiff,
PCS Wireless, LLC

By: _____
John P. Campbell

Dated: December 28, 2011