UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
PCS Wireless LLC,                                   :
                                                    :
                              Plaintiff,            :
                                                    :
                   -against-                        :
                                                    :
A to Z Wireless Solutions Inc., Yossi Zak A/K/A,    :
Yossi Zaklikowski, Avi Schecter, The OEM Shop,      :
John Does (1–10), and ABC Corps. (1–10),            :
                                                    :
                              Defendants.           :
                                                    :
-------------------------------------------------------------X

DECISION AND ORDER

12-cv-09 (WFK) (VVP)

## DECISION

      Plaintiff PCS Wireless LLC ("PCS") seeks a preliminary injunction against Defendants A to Z Wireless Solutions, Inc. ("A to Z Wireless"), Yossi Zak a/k/a Yossi Zaklikowski ("Zak"), Avi Schecter ("Schecter"), and The OEM Shop ("OEM"). PCS filed an *ex parte* application for a temporary restraining order on January 3, 2012 seeking, *inter alia*, a preliminary writ of attachment as to all property of Defendants up to a value of one million five hundred thousand dollars and preliminarily and temporarily enjoining Defendants from dissipating their assets. After reviewing the application, this Court issued an Order to Show Cause with Temporary Restraints on January 3, 2012 and held a show cause hearing on January 13, 2012. PCS sought a preliminary injunction on the same terms as the temporary restraining order.

      After review of the submissions of the Plaintiff and Defendants, this Court finds PCS has not met its burden of satisfying the requirements for an issuance of a preliminary injunction.

1

Therefore, the motion by PCS for preliminary injunctive relief is denied, and the temporary restraining order against Defendants is dissolved.

## I. Standard For Issuing A Preliminary Injunction

The United States Court of Appeals for the Second Circuit has held: "A party seeking a preliminary injunction must establish irreparable harm and either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002). The purpose of a preliminary injunction "is not to give the plaintiff the ultimate relief it seeks. It is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *WarnerVision Entm't Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996) (internal quotations omitted).

## II. Irreparable Harm

To secure a preliminary injunction, the plaintiff must demonstrate irreparable harm absent its issuance. *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). Injuries fully remedied by monetary damages do not constitute irreparable harm. *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 934 F.2d 30, 34 (2d Cir. 1991). For PCS to warrant issuance of a preliminary injunction, it would have to demonstrate that no award of monetary damages in the future would remedy its alleged current loss. It has failed to do so.

PCS failed to show it would suffer irreparable loss if a preliminary injunction were not granted. PCS correctly argues that even where the ultimate relief sought is money damages, federal courts "have found preliminary injunctions appropriate where it has been shown that the defendant intended to frustrate any judgment on the merits by transferring its assets out of the jurisdiction." *In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985) (internal quotations

2

omitted). However, PCS failed to demonstrate that such a transfer of Defendants' assets beyond the jurisdiction of this Court is imminent.

This is a breach of contract dispute in which PCS delivered goods for which A to Z Wireless did not pay—or, rather, furnished post-dated checks and later stopped payment. In fact, the first count in the complaint is "Breach of Contract," with multiple counts stemming from this alleged breach. Thus, PCS expressly acknowledges the true nature of this dispute: breach of contract. Courts generally are reluctant to grant preliminary injunctions in breach of contract actions, unless there are damages that are difficult to measure and there is a risk of loss of goodwill, reputation, or business opportunities. *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 Fed. App'x 779, 781 (2d Cir. 2010). Here, PCS has made no such allegation or relayed any such concern. Therefore, because PCS failed to show money damages will be insufficient to make it whole, it failed to meet its burden of demonstrating it would be irreparably harmed absent a preliminary injunction.

### III. Likelihood Of Success On The Merits

PCS charges seven counts in its complaint: (1) breach of contract; (2) promise to pay; (3) reasonable value of goods/services; (4) unjust enrichment; (5) breach of covenant of good faith and fair dealing; (6) conversion; and (7) fraud. The Court will address (1), (2), (3), and (5) together because they all stem from the alleged breach of contract.

To plead a viable claim for breach of contract under New York law, a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotations omitted). PCS has made a prima facie case. It has provided invoices for its shipped

3

goods that were delivered to A to Z Wireless, as well as copies of the checks on which A to Z Wireless put stop payments. Although A to Z Wireless asserts these goods were non-conforming and defective, it has neither stated in what way nor provided any supporting evidence on this point. PCS has also alleged and provided evidence that defendant Yossi Zak, on or about May 17, 2011, signed (1) a Guaranty Agreement under which he would be personally liable for any credit extended by PCS to A to Z Wireless, and (2) a Commercial Security Agreement that gave PCS certain rights over various property of A to Z Wireless. Again, however, because courts should be reluctant to issue a preliminary injunction in a breach of contract situation and because there is no showing of irreparable harm, PCS is not entitled to injunctive relief at this point.

To assert a viable claim for unjust enrichment under New York law, a claimant must allege facts establishing: "(1) that the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotations omitted). PCS acknowledges this claim cannot prevail if it is found—or if A to Z Wireless admits—a valid contract exists. Thus, the arguments from the breach of contract claim will likely be similar to the arguments advanced here. It does seem, however, if PCS loses the argument of a valid contract, it will be likely to prevail on a claim of unjust enrichment because A to Z Wireless received a shipment of cellular phones for which it did not pay and which it did not return to PCS.

To make out a viable claim for conversion under New York law, a claimant must show the "unauthorized assumption and exercise of the right of ownership [by the defendant] over goods belonging to [the claimant] to the exclusion of the owner's rights." *Mirvish v. Mott*, 901 N.Y.S.2d 603, 607 (1st Dep't 2010) (internal quotations omitted). However, a claim of conversion cannot be predicated on a mere breach of contract and where there are no

independent facts alleged arising to a tort claim. *Kopel v. Bandwidth Tech. Corp.*, 868 N.Y.S.2d 16, 17 (1st Dep't 2008). In this case, PCS alleges it shipped to A to Z Wireless various shipments of goods over the span of approximately two months for which A to Z Wireless failed to render full payment. These goods were shipped pursuant to an agreement between the parties according to their regular course of business. A to Z Wireless alleges that the goods were non-conforming and defective, which is why it stopped payment on its post-dated checks. There is insufficient evidence at this preliminary state of the proceedings to determine which party has the more meritorious argument. However, in the context of a preliminary injunction, PCS has not met its burden of showing a likelihood of success on this claim because it appears this conversion claim is predicated on a breach of contract.

Under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must "plead fraud with particularity. . . . [T]his standard imposes an obligation . . . to specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001) (internal quotations omitted). Further, the complaint must "explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant[] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001) (internal quotations omitted).

In the complaint in this case, PCS fails to meet this heightened standard. While it does contain details of negotiations and the subsequent alleged non-payment, the complaint does not go far enough to meet the particularity requirement. For example, PCS points to an email A to Z

Wireless sent which states, in relevant part, that it has stopped payment on checks issued to PCS because its financial circumstances have deteriorated since the checks were written. However, this does not meet the particularity requirement because it does not demonstrate A to Z Wireless had the intent to defraud at the time it issued the checks. Further, the email also states A to Z Wireless believes PCS breached their agreement and provided defective goods. Therefore, the complaint must go further than it does and distinguish the alleged fraud from its breach of contract claim with particularity. PCS has not demonstrated a likelihood of success on its fraud claim.

## IV. Balance Of The Hardships

PCS asserts "[a]ny hardship that might be suffered by the defendants by the return of the stolen goods is not a relevant issue in this case" and that the equities favor PCS. *Pl.'s Mem.*, at 4. PCS mistakenly equates equities and hardships. PCS has not specified what hardship it will endure if a preliminary injunction is not issued before a trial on the merits. However, A to Z Wireless estimated its losses, along with the other defendants and third parties, could exceed ten million dollars. *Defs.' Opp'n Mem.*, at 5. It asserts, as a result of actions taken by PCS following the temporary restraining order this Court entered on January 3, 2012, certain of its bank accounts are frozen, and it cannot meet its legitimate financial obligations, including, but not limited to, meetings its payroll obligations. *Id.* PCS may have to operate without the funds it is allegedly owed, but it has made no statement or showing it cannot do so. A to Z Wireless, on the other hand, has asserted it cannot conduct its ordinary business if the preliminary injunction issues—at least in the same terms as the temporary restraining order. Therefore, the balance of the hardships tilts in favor of A to Z Wireless.

## V. Conclusion And Order

This is a contract dispute between parties that have conducted business for years, and PCS has made no showing it will be irreparably harmed absent a preliminary injunction. Further, the balance of hardships tilts in A to Z Wireless's favor. This Court finds PCS Wireless failed to meet its burden of satisfying the requirements to issue a preliminary injunction. The temporary restraining order issued by this Court on January 3, 2012 is hereby DISSOLVED. The motion for a preliminary injunction by PCS is hereby DENIED. Pursuant to this Court's order at the show cause hearing on January 13, 2012, Defendants shall move, answer, or otherwise respond to the complaint by February 3, 2012.

**SO ORDERED**

Dated: Brooklyn, New York
　　　January 17, 2012

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge